IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS LLC, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> BP AMERICA., *et al.*, § <br> *Defendants*. § <br> § <br> § | CASE NO. 2:11-cv-407-JRG <br> CONSOLIDATED |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Pending before the Court are: (1) Defendants Keycorp ("Keycorp"), Costco Wholesale Corporation ("Costco") and McDonald's Corporation's ("McDonald's") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process (2:11-cv-407, Dkt. No. 57); (2) Defendants Starbucks Corporation ("Starbucks"), Target Corporation ("Target") and U.S. Bancorp's ("U.S. Bancorp") Motion to Dismiss or Sever for Misjoinder (2:11-cv-407, Dkt. No. 68); (3) Giant Eagle, Inc.'s ("Giant Eagle") Motion to Dismiss for Lack of Personal Jurisdiction (2:11-cv-407, Dkt. No. 114); (4) Giant Eagle's Motion to Stay Discovery Pending Ruling on Pending Motion to Dismiss for Lack of Personal Jurisdiction (2:11-cv-407, Dkt. No. 297); and (5) Sally Beauty Supply, LLC's ("Sally Beauty") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process (2:11-cv-409, Dkt. No. 49).

## II. FACTUAL BACKGROUND AND PROCEDURAL OVERVIEW

LBS Innovations LLC, formerly a New Jersey Limited liability company ("LBSI New Jersey") filed this series of lawsuits in 2011 against a number of Defendants, alleging infringement of U.S. Patent No. 6,091,956 entitled "Situation Information System." The '956

Patent is directed to "[a] wireless system for providing services and time-critical information about places and events to mobile computers and their users proximate to their current locations or potential destinations." '956 Patent at Abstract. LBSI New Jersey alleged that the defendants infringe the '956 Patent by providing information interfaces on their respective websites.

On February 14, 2012, LBS Innovations, LLC, a Texas limited liability ("LBSI Texas") was formed. On the very next day, February 15, 2012, LBSI New Jersey transferred its entire right, title, and interest in the '956 Patent to LBSI Texas. Also on February 14, 2012, LBSI New Jersey issued a certificate of cancellation thereby terminating its existence. On September 20, 2012, the Court[1] granted a LBSI New Jersey's Motion to substitute LBSI Texas for LBSI New Jersey in the above-captioned cases. (2:11-cv-407, Dkt. No. 271).

## III. KEYCORP, COSTCO AND MCDONALD'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS (2:11-CV-407, DKT. NO. 57)

Keycorp, Costco and McDonald's ("First Moving Defendants") move to dismiss LBSI Texas' claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5). With regard to Fed. R. Civ. P. 12(b)(1), the First Moving Defendants contend that LBSI Texas does not have legal standing to maintain this infringement lawsuit against the Defendants because the original Plaintiff, LBSI New Jersey, transferred all of its rights in the '756 Patent to a new entity in the middle of this lawsuit. With regard to Fed. R. Civ. P. 12(b)(5), the First Moving Defendants contend that dismissal is warranted on the grounds that neither LBSI New Jersey nor LBSI Texas served the Complaint within 120 days of initiating this lawsuit as required by Fed. R. Civ. P. 4(m).

### A. *Lack of Subject Matter Jurisdiction*

On September 20, 2012, Judge Schneider, granted LBSI New Jersey's motion to substitute LBSI Texas as the named Plaintiff in this case. (2:11-cv-407, Dkt. No. 271.) In said

---

[1] This Order was issued by the Honorable Michael H. Schneider, who then presided over the above-captioned cases.

Order, Judge Schneider expressly found that "[a]ny defect in standing that existed after LBSI New Jersey relinquished its rights to LBSI Texas is cured by the substitution of LBSI Texas as plaintiff." (2:11-cv-407, Dkt. No. 271) (citing *Instituform Tech., Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1371-72 (Fed. Cir. 2004). The undersigned agrees.

Federal Circuit case law makes clear that the temporary loss of standing during patent litigation can be cured before judgment, so long as the Plaintiff had standing at the inception of the suit. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1204 (Fed. Cir. 2005); *see also Instituform Tech*, 385 F.3d at 1371. In this case, it is clear that LBSI New Jersey lost standing to prosecute this case when it transferred its interest in the '956 Patent to LBSI Texas on February 15, 2012. However, it is also clear that any defect in standing based upon this transfer was cured by the substitution of LBSI Texas as plaintiff in this case. As Judge Schneider correctly noted, "[t]his is not a situation in which the substitution would be the equivalent of initiating a new lawsuit with a new plaintiff in a new cause of action. Rather, the composition and interests in this litigation remain unchanged with the substitution by LBSI Texas." (2:11-cv-407, Dkt. No. 271.) Accordingly, the Court **DENIES** the First Moving Defendants motion to dismiss under Fed. R. Civ. P. 12(b)(1).

  B.  *Insufficient Service of Process*

The First Moving Defendants also ask the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds that LBSI New Jersey failed to serve the proper summonses and complaints within 120 days of filing as required under Fed. R. Civ. P. 4(m). In pertinent part, Rule 4(m) of the Federal Rules provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service by made within a specified time.

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). It is undisputed that LBSI New Jersey did not serve any of the First Moving Defendants with the complaints within 120 days of filing. Rather, on the 120th day after filing the original complaint, LBSI New Jersey filed amended complaints naming an additional twenty one defendants. Shortly thereafter, on January 30, 2012, LBSI New Jersey served the first amended complaint upon all of the named Defendants. Service therefore occurred 138 days after the filing of the original complaints. (2:11-cv-407, Dkt. No. 57, at 3.)

The First Moving Defendants argue that the complaints should be dismissed under Fed. R. Civ. P. 12(b)(5) for failure to comply with Rule 4(m). LBSI Texas responds that the Court should excuse the late service because: (1) the 120-day period for service of process restarts upon the filing of an amended complaint; (2) the 120-day period must be extended for good cause; or (3) the Court should exercise its discretion to extend the 120-day service period by an additional 18 days. (2:11-cv-407, Dkt. No. 103, at 15.)

Considering the facts and circumstances of this case, the Court finds that LBSI New Jersey's failure to serve the complaints within the 120-day period required by Fed. R. Civ. P. 4(m) is excused by "good cause" due to LBSI New Jersey's good faith belief that the period for service restarts upon the filing of an amended complaint. Further, even "[i]f good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996); *see also Henderson v. United States*, 517 U.S. 654, 658, n.5 (noting that Rule 4(m) "permits a district court to enlarge the time for service even if there is no 'good cause shown'"). The Court exercises such discretion here and expressly enlarges the time of service under Rule 4(m) by

nineteen days from the filing of the original complaint. Accordingly, the Court **DENIES** the First Moving Defendants motion to dismiss under Fed. R. Civ. P. 12(b)(5).

IV. **STARBUCKS, TARGET AND U.S. BANCORP'S MOTION TO DISMISS OR SEVER FOR MISJOINDER (2:11-CV-407, DKT. NO. 68)**

Starbucks, Target and U.S. Bancorp ("Second Moving Defendants") move to dismiss or sever LBSI Texas' claims against them for violation of the Leahy-Smith America Invents Act ("AIA") on the grounds that LBSI Texas' naming of the Second Moving Defendants in a single suit with unrelated defendants violates the AIA's joinder provisions. (2:11-cv-407, Dkt. No. 68.) Specifically, the Second Moving Defendants contend that the AIA's joinder provisions apply to this case because LBSI Texas filed an amended complaint *after* the enactment of the AIA, even though the original complaint was filed *before* the enactment of the AIA. *Id*. at 68. LBSI Texas responds that the joinder provisions of Fed. R. Civ. P. 20 apply in this case – not the provisions of the AIA – because the AIA applies only to a "civil action commenced on or after the date of the enactment of [the] Act." 35 U.S.C. § 299(e). According to LBSI Texas, the "commencement" date of the lawsuit is determined based upon the filing of the *original* complaint, not any subsequent *amended* complaints.

The Court does not reach the question of whether the joinder provisions of Fed. R. Civ. P. 20 or the AIA apply to this case, because it is clear that the Second Moving Defendants are improperly joined under both Fed. R. Civ. P. 20 and the AIA. Even under the otherwise broad-based standard of Rule 20, the Federal Circuit has recently made clear that joinder in patent infringement cases is appropriate only when: (1) the accused products are "the same in respects relevant to the patent;" and (2) the underlying claims of infringement "share an aggregate of operative facts." *In re EMC*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). LBSI Texas has not shown

5

that the Second Moving Defendants' accused products are the "same" as the other named defendants according to the test outlined in *EMC*.

The Court hereby **GRANTS** the Motion to Sever and **ORDERS** that the claims pertaining to Starbucks, Target and U.S. Bancorp be severed into individual and separate causes of action. LBSI Texas shall pay the filing fee for each of these new cases within ten (10) days of this order issuing to avoid having the severed cause of action dismissed with prejudice. Further, the Court **ORDERS** the new case be **CONSOLIDATED** for all pretrial issues (except venue) with the lead case, 2:11-407. The parties are instructed to file all future filings in the lead case until further Order of the Court. The docket control, discovery, and protective orders entered in the lead case will govern the consolidated action.

## V. GIANT EAGLE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (2:11-CV-407, DKT. NO. 114)

Giant Eagle moves to dismiss the claims against it on the grounds that it is not subject to personal jurisdiction in Texas. (2:11-cv-407, Dkt. No. 114.) Giant Eagle is a well-established regional grocery store chain headquartered in Pennsylvania that conducts no business in Texas. It lacks the "minimum contacts" needed for the exercise of personal jurisdiction over it in Texas. Accordingly, the Court **GRANTS** Giant Eagle's Motion to Dismiss for Lack of Personal Jurisdiction and **DISMISSES** all claims in this action against Giant Eagle **WITHOUT PREJUDICE**. While only minimum contacts are necessary for jurisdiction to attach, here it is undisputed that no contacts, not even those that could reasonably argued to be minimal, exist.

## VI. GIANT EAGLE'S MOTION TO STAY DISCOVERY PENDING RULING ON PENDING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (2:11-CV-407, DKT. NO. 297)

In light of the Court's ruling above, the Court **DENIES AS MOOT** Giant Eagle's Motion to Stay Discovery Pending Ruling on Pending Motion to Dismiss for Lack of Personal Jurisdiction.

## VII. SALLY BEAUTY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS (2:11-CV-409, DKT. NO. 49)

Sally Beauty moves to dismiss LBSI Texas' claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5) for the same reasons discussed above with regard to the First Moving Defendants. (Supra III.) Therefore, and for the same reasons as discussed above, the Court **DENIES** Sally Beauty's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5).

## VIII. CONCLUSION

For the reasons discussed above, the Court resolves the pending Motions in this case as follows:

1. Keycorp, Costco and McDonald's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process (2:11-cv-407, Dkt. No. 57) is **DENIED**;

2. Starbucks, Target and U.S. Bancorp's Motion to Dismiss or Sever for Misjoinder (2:11-cv-407, Dkt. No. 68) is **GRANTED**;

3. Giant Eagle's Motion to Dismiss for Lack of Personal Jurisdiction (2:11-cv-407, Dkt. No. 114) is **GRANTED**;

4. Giant Eagle's Motion to Stay Discovery Pending Ruling on Pending Motion to Dismiss for Lack of Personal Jurisdiction (2:11-cv-407, Dkt. No. 297) is **DENIED AS MOOT**; and

5. Sally Beauty's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process (2:11-cv-409, Dkt. No. 49) is **DENIED**.

Additionally, many Defendants to the consolidated action filed motions and/or notices of joinder in one or more of the above-captioned motions. Such items include 2:11-cv-407, Dkt. Nos. 64, 72, 76, 79, 89, 93, 102, 108, 110, 123, 194, 224-236 and 267 and 2:11-cv-409, Dkt. Nos. 56, 76, 77, 158, 159. The Court **GRANTS** each of the filings to the extent it relates to the issue of severance, but **DENIES** all other relief sought through such motions. The clerk is therefore directed to create individual causes of action for the following defendants:

1. KeyCorp
2. Costco Wholesale Corporation
3. McDonald's Corporation
4. Starbucks Corporation
5. Target Corporation
6. U.S. Bancorp
7. Wal-Mart Stores, Inc.
8. The Kroger Company
9. BP America Inc.
10. Aldi, Inc.
11. Wells Fargo Bank, N.A.
12. Mariott International, Inc.
13. LP Morgan Chase & Co

LBSI Texas shall pay the filing fee for each of these new cases within ten (10) days of this order, otherwise the severed causes of action will be dismissed with prejudice. Further, the Court **ORDERS** the new cases to be **CONSOLIDATED** for all pretrial issues (except venue) with the lead case, 2:11-407. The parties are instructed to file all future filings in the lead case until further Order of the Court. The docket control, discovery, and protective orders entered in the lead case will govern the consolidated action. This Order is intended to resolve all motions and/or notices currently pending in the entire consolidated action. All motions and or notices not

expressly addressed in this Order and filed prior to the entry of this Order are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 20th day of February, 2013.**

                                              RODNEY GILSTRAP
                                              UNITED STATES DISTRICT JUDGE